IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00305-CV

 

Carol Wooten,

                                                                                    Appellant

 v.

 

Eberhard Samlowski, M.D.,

                                                                                    Appellee

 

 



From the 413th District Court

Johnson County, Texas

Trial Court No. C200700032

 



DISSENT TO DENIAL OF MOTION FOR REHEARING










 

            Pending before the Court is
Samlowski’s motion for rehearing.  Wooten v. Samlowski, ___ S.W.3d ___, 2008
 Tex. App. LEXIS 3709 (Tex. App.—Waco May 21, 2008, no pet. h.).  The appeal
involves expert reports required by Section 74.351 of the Texas Civil Practice
and Remedies Code.  Tex. Civ. Prac.
& Rem. Code Ann. § 74.351 (Vernon Supp. 2007).  The majority’s
existing opinion concluded that “the trial court did not err or abuse its
discretion in determining that the report does not represent a good-faith
effort to summarize the causal relationship between Dr. Samlowski’s failures to
meet the applicable standards of care and Wooten’s claimed injury, harm, and
damages.”  Wooten, 2008 Tex. App. LEXIS 3709 at *19.  I agreed.  Two
paragraphs later, however, the majority opinion concluded “[w]hile the report
is technically deficient because of the inadequate causal link, the report can
only be described as a good-faith attempt to comply with [the
statute].”  Id.  (Emphasis in original).  I disagreed.  My mind is not
capable of determining the niceties of the distinction that could make what was
not a good-faith effort nevertheless be a good-faith attempt. 
I dissent to the denial of the motion for rehearing.

 

 

                                                                        TOM GRAY

                                                                        Chief
Justice

 

Dissent
to denial of motion for rehearing delivered and filed July 9, 2008






0;  Rule 42.1(a) of the Texas Rules of Appellate Procedure provides:
(a) The appellate court may dispose of an appeal as follows:
(1) in accordance with an agreement signed by all parties or their attorneys and
filed with the clerk; 
 
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the appealed
judgment or order; but no other party may be prevented from seeking any relief to which
it would otherwise be entitled. 
Tex. R. App. P. 42.1(a).
      Accordingly, this cause is dismissed with costs to be taxed pursuant to the party’s agreement. 
                                                                               PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed
Opinion delivered and filed June 30, 1999
Do not publish